# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monique Wharton,                        :
                        Petitioner       :
                                        :
            v.                          :
                                        :
Workers' Compensation Appeal            :
Board (Department of Corrections),      :    No. 643 C.D. 2016
                        Respondent       :    Argued: May 2, 2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI,  Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: May 26, 2017


Monique Wharton (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) March 23, 2016 order affirming the Workers' Compensation Judge's (WCJ) decision granting the Commonwealth of Pennsylvania, Department of Corrections' (Employer) Petition to Terminate Compensation Benefits (Termination Petition).  Claimant presents one issue for this Court's review: whether the Board and the WCJ erred by finding that res judicata and collateral estoppel barred litigation of her newly-discovered medical conditions.

On November 20, 2010, Claimant suffered a work-related injury while working as a prison guard for Employer.  On May 4, 2011, Claimant filed a Claim Petition (Claim Petition).  Following litigation on the Claim Petition, in November 2011, the parties stipulated that Claimant's work injury was described as a right shoulder strain/sprain and cervical sprain/strain (Original Stipulation).  By January 4,

2012 decision, WCJ Nancy Goodwin adopted the Original Stipulation. By July 30, 2013 decision, WCJ Pamela Santoro (WCJ Santoro) adopted a subsequent stipulation, wherein, the parties agreed that Claimant had returned to a sedentary/light-duty position with no wage loss (Subsequent Stipulation), thus entitling Employer to suspend Claimant's WC benefits as of April 14, 2013.

On January 3, 2014, Employer filed its Termination Petition alleging that Claimant had fully recovered from her work injury as of December 12, 2013 as confirmed by an independent medical examination performed by Dean Trevlyn, M.D. (Dr. Trevlyn). On July 1, 2014, Employer filed a Petition to Modify and/or Suspend Compensation Benefits (Suspension Petition) based upon its December 24, 2013 job offer to Claimant following Dr. Trevlyn's release to return to work without restrictions. On October 24, 2014, Employer filed a Notification of Suspension following Claimant's October 23, 2014 return to work at wages greater than or equal to her pre-injury wages. On November 13, 2014, Claimant filed an Employee Challenge to Employer's Notification of Suspension (Challenge Petition).

On October 19, 2015, WCJ Lawrence Beck (WCJ Beck) granted Employer's Termination Petition and dismissed Employer's Suspension Petition and Claimant's Challenge Petition as moot. Claimant appealed to the Board. On March 23, 2016, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[1]

Claimant argues that the Board and WCJ Beck erred by concluding, based on *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.),* 960 A.2d 949 (Pa. Cmwlth. 2008), that res judicata and collateral estoppel barred litigation of her newly-discovered medical conditions. Specifically, Claimant

---

[1] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

contends that the Subsequent Stipulation included express language reserving both parties' rights to further litigate the injury description, and that *Weney* is distinguishable.

We begin our analysis with a discussion of *Weney*. In *Weney,* the claimant sustained a work-related left shoulder strain. The employer acknowledged the claimant's work injury through a Notice of Temporary Compensation Payable, which was later converted to a Notice of Compensation Payable (NCP). Thereafter, the claimant filed an initial Petition to Review Compensation Benefits (Review Petition I) seeking to amend the NCP to include a left shoulder injury in the nature of a tear of the anterior labrum with large glenohumeral joint effusion, tendonitis or a partial tear of the supraspinatus/infraspinatus, minimal impingement, and biceps tenosynovitis. The parties stipulated that the NCP should be amended to include the additional shoulder injuries. The WCJ adopted the stipulation and granted the claimant's Review Petition I. Eleven days later, the claimant filed another Petition to Review Compensation Benefits (Review Petition II) seeking to further amend the NCP to include four herniated discs, which he alleged were sustained as a result of the work incident. The employer denied the allegations and asserted that the claimant's Review Petition II was barred by the doctrines of technical res judicata and/or collateral estoppel. The WCJ granted the claimant's Review Petition II and amended the NCP to include the claimant's herniated discs.

The employer appealed to the Board which essentially concluded that the claimant's Review Petition II was barred by technical res judicata, and reversed the WCJ's decision. The claimant appealed to this Court, which held:

> Here, the subject matter of both the Review Petition I and Review Petition II proceedings was the nature and extent of the injuries that Claimant sustained as a result of the . . . work incident, and the ultimate issue in both proceedings was whether the NCP accurately reflected the nature and

3

extent of [the c]laimant's injuries. Although [the c]laimant did not actually litigate the specific issue of his neck or cervical spine injury during the earlier proceedings on his Review Petition I, the record evidence clearly establishes that he should have done so. . . . [There was] concrete evidence that [the c]laimant was aware of the injury to his neck or cervical spine and its relatedness to the . . . work incident during the earlier proceedings on his Review Petition I . . . . As [the c]laimant was aware of the injury to his neck or cervical spine and its relatedness to the . . . work incident during the proceedings on his Review Petition I, he should have litigated such injury at that time. . . . Therefore, since [the c]laimant attempted to raise a matter through his Review Petition II that should have been litigated during the earlier proceedings on his Review Petition I, [the c]laimant's Review Petition II was barred by technical res judicata.

*Weney,* 960 A.2d at 955-56 (citations omitted).

Claimant argues that because she was not formally diagnosed with her cervical herniations and radiculopathy until after the Subsequent Stipulation was executed (albeit before WCJ Santoro adopted it), and because the Subsequent Stipulation included express language reserving the parties' rights to further litigate the nature and extent of the injuries, *Weney* is inapposite. Particularly, Claimant contends that she was not aware of her additional injuries until after her treating physician Scott J. Davidoff, M.D.'s (Dr. Davidoff) August 26, 2014 deposition. Employer responds that since the nature and causation of Claimant's injuries were known to her as early as December 2011, which was the time of the original litigation, *Weney* applies.

Initially, we acknowledge that "[t]echnical res judicata may be applied to bar 'claims that were actually litigated[,] as well as those matters that *should have been* litigated.'" *Namani v. Workers' Comp. Appeal Bd. (A. Duie Pyle),* 32 A.3d 850, 856 (Pa. Cmwlth. 2011) (quoting *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.),* 776 A.2d 362, 365 (Pa. Cmwlth. 2001)). However, although *Weney* and

4

the instant matter both involve stipulations, unlike in *Weney*, the Stipulations here contained express preservations of the right to litigate additional injuries. Specifically, the Stipulations included as paragraphs 15 and 14, respectively state: "**The parties reserve the right to further litigate the description of injury** or to litigate any matter as permitted by the Pennsylvania Workers' Compensation Act [(Act)[2]] or [what is commonly referred to as] the Pennsylvania Heart and Lung Act[3]." Original Stipulation at 2 (emphasis added), Subsequent Stipulation at 2 (emphasis added).

> Further,
>
> Section 413(a) of the Act[4] specifically authorizes the WCJ to amend the NCP during litigation of **any** petition where the evidence presented shows that the NCP is materially incorrect. Whether an employer has had a fair opportunity to contest the corrective amendment is determined on a case-by-case basis by looking at the totality of circumstances.

*Walter v. Workers' Comp. Appeal Bd. (Evangelical Cmty. Hosp.),* 128 A.3d 367, 374 (Pa. Cmwlth. 2015) (emphasis added). Consequently, had Claimant's work injuries been litigated as opposed to resolved by stipulation, she would have been permitted to present evidence of additional injuries during the litigation of Employer's Termination Petition.[5] Here, Dr. Davidoff's deposition was taken on August 26, 2014, and the last WCJ hearing was held on November 12, 2014. Thus, Employer had notice of the additional injuries before it rested its case.

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1-1041.4, 2501-2708.

[3] Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637-638.

[4] 77 P.S. § 771.

[5] During oral argument, Employer's Counsel was specifically asked whether Claimant would have had the right to raise the additional injuries at the Termination Petition hearing but for the Stipulations. Employer's Counsel conceded that Claimant would have been permitted to do so.

Moreover, WCJ Beck specifically found as a fact that "Claimant []
suffered cervical herniation[s] . . . and [] radiculopathy as a result of the November
20, 2010 work injury." WCJ Dec. at 5, Finding of Fact 7(c). Therefore, WCJ Beck
concluded that Claimant met her burden of proving the additional injuries. Given the
totality of the circumstances, *Weney* is distinguishable from the case sub judice.
Accordingly, we hold that the Board and WCJ Beck erred by ruling that res judicata
and collateral estoppel barred Claimant's litigation of her additional medical
conditions.[6]

For all of the above reasons, the Board's order is reversed, and the
matter is remanded to the Board to remand to the WCJ for further proceedings on
Employer's Suspension Petition and Claimant's Challenge Petition.

_____
ANNE E. COVEY, Judge

---

[6] Given this Court's reversal of the ruling on Employer's Termination Petition, Employer's
Suspension Petition and Claimant's Challenge Petition are no longer moot.

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monique Wharton,                            :
                        Petitioner    :
                                 :
                v.                          :
                                 :
Workers' Compensation Appeal             :
Board (Department of Corrections),       :    No. 643 C.D. 2016
                    Respondent    :

## O R D E R

AND NOW, this 26th day of May, 2017, the Workers' Compensation Appeal Board's (Board) March 23, 2016 order is reversed. This matter is remanded to the Board to remand to the Workers' Compensation Judge for further proceedings consistent with his opinion.

        Jurisdiction relinquished.

                             _____
                             ANNE E. COVEY, Judge